Good morning, Your Honors. May it please the Court, Borrell Fuller for the appellate, Mr. David Martinez, who is present and out of custody. I'd like to reserve three minutes for rebuttal. The case involves a number of issues. I would like to take each one of those in turn. The District Court here erred in denying Mr. Martinez's motion to suppress the warrantless search of his vehicle by finding that it was permitted under the automobile exception based on the smell of unburnt marijuana alone, and Mr. Martinez having advised Deputy Krieger that there was a small quantity of marijuana in the car. Proposition 64 in California Health and Safety Code, Section 11362.181, has altered the legal analysis for the automobile exception. The District Court erred by failing to recognize that the smell of unburnt marijuana may not be presumed to be contraband because it is no longer in California, given California's legalization of recreational use of marijuana. Let's say that's true. I don't have any reason to doubt that. But in this case, if I, if you will, looking at the video, it seems that your client voluntarily consented to the search. If that's true, doesn't that obviate our discussion about federal versus state, you will, criminalization or non-criminalization of marijuana use and the other troubling issues that are brought by this case? In other words, if he consented, is that the end of the story for purposes of this case? Well, no, Your Honor. Let me take each one of those issues separately. With respect to the issue of consent, it is our contention and the government, we believe, agrees that the District Court did not reach the issue of consent in ruling under the automobile exception. Although we are on de novo review, we believe that based on this cold record, the government offered no had a valid consent for that vehicle. So if that was true, I gather your position and maybe even the government's, that we should remand to the District Court on this issue for an evidentiary hearing to determine whether your client voluntarily consented to the search of the vehicle. If the court were to rely on the issue of consent, yes, we believe remand would be necessary. However, on this cold record, we believe that the government has failed to meet its burden and the court should decline to find that Mr. Martinez has consented to the search. Also, separately, there is the issue of the scope of Mr. Martinez's consent if the court were to find consent in the first instance. Here, that consent, we contend, was limited to the armrests and not to removing body panels from the interior of the vehicle. Also, the court never addressed the issue of whether or not Mr. Martinez's statements should have been Mirandized and whether they were properly Did your client limit the search in this sense? He said, go ahead and search. You're talking about the middle portion of the vehicle. The officer looked there, saw, if I understand it correctly, a loose panel, if you will, and found the firearm and so on, based on experience. Does your client have to specifically consent, if there was consent, to each level of the investigation in that middle part of the car? Your Honor, we believe under Florida v. Gimeno that that is subject to an objective reasonableness and that the consent is in the context of Mr. Martinez's motion and moving directing to the armrests and not to any other interior portions of the vehicle. But again, if that were to be the issue, we believe remand would be necessary for an evidentiary hearing on that issue. Well, this armrest had the marijuana in it or on top of it? Your Honor, the marijuana was located inside the armrest. And the pistol was too, right? No, the pistol was located in a different section within that required Deputy Krieger to remove an actual body panel, an interior piece of molding from the interior of the vehicle in order to find that. Was it under the armrest? It was located near the armrest, but it was within the center console of the car. That's where the armrest is, isn't it? It is, Your Honor, but there are two parts. It is our contention that at an evidentiary hearing we'd be able to demonstrate that those were two separate and distinct areas. You have one little box and then you have another box below that, so to speak. Yes, Your Honor. Now, with the passage of Proposition 64, here, Your Honor, the district court erred because the smell of marijuana rested on the presumption that the smell alone indicates contraband. We know that is no longer the case. The court's reliance on Collins here, which involved a medical marijuana case, was entirely misplaced. As we know, Judge Ilston most recently in her ruling in the Jones case, which we believe supports our contention that the smell of marijuana alone is not an indicator of contraband. Second, the district court here erred in denying Mr. Martinez's motion to suppress the search warrant. The search warrant is a separate and total, another issue that the court would have to address, which we believe was not supported by probable cause, and the court erred in denying Frank's hearing because we did make a substantial preliminary showing supporting the inference, at least, of recklessness with regard to some of the statements Deputy Krieger made to the magistrate to obtain the search warrant for Mr. Martinez's home. Now, excuse me, before you get to that part of this, I just want to finish a little bit about the marijuana. If I understand it correctly, your client also said he had a little blunt. That would suggest that he was smoking something outside of a container and he was driving a vehicle. Isn't that enough to indicate a possible violation and warrant further search? No, Your Honor. We do not believe there were objective signs that Mr. Martinez was either under the influence or smoking the marijuana he had indicated. But what about the admission that he had a blunt? Isn't that sufficient alone? No, Your Honor. Even if the unburnt marijuana smell is not sufficient alone? No. A blunt does not indicate an open container in and of itself. The blunt, the only— Actually, I don't know what a blunt is, so what is a blunt? A blunt is a rolled marijuana cigarette that contains a certain amount of tobacco. It is the equivalent, basically, of what would have been a cigarette. Okay. So within that context, we do not believe that that would indicate that Mr. Martinez was either smoking marijuana or that he was under the influence of marijuana. There was nothing that Deputy Krieger noticed at that time that would indicate that he was under the influence. That would kind of go along with the sending back for an evidentiary hearing. If not the consent, then whether there was probable cause based on the marijuana violation, that is an open container violation. I have this question, too. Is an open container violation an arrestable offense or not? No, Your Honor. So even if that had been a violation, that in and of itself might not be enough to give probable cause. Is that right? No, Your Honor, and also it's critical the timing of that, the timing of the open container. Deputy Krieger was only able to discern that the blunt existed in the car and the manner in which that blunt was packaged because blunts can be packaged in sealed containers. That it was not packaged in a sealed container. He only observed that upon entry into the vehicle. So that was at that point he had already begun to conduct the search. So whether he could smell marijuana on your client's breath or in the car or something like that, that would all have to be worked out in a hearing, right? It would have to be worked out in a hearing, Your Honor. However, there is no indication from Deputy Krieger's police report that he observed any of those circumstances prior to conducting the search. All right. Also, Your Honor, there is the question of the Federal versus State and in connection with the search of the car. The government cites Cormier for the proposition that State law is only controlling the context of inventory searches and searches incident to arrest. We think one of the big issues of contention here is whether Federal or State law applies. We believe Cormier supports our position because it did further note that when the constitutional test for determining the legality of a search incorporates State law, which is here, we have a State law enforcement officer enforcing State law. The Jones and Maffei case, as well as People v. Lee, all support the proposition that State law is what is relevant here. We have in Jones, we have an individual similarly situated where the government's also relying upon Federal law and saying, aha, well, marijuana possession is still illegal under Federal law, but we have State officers who are investigating State offenses. There is absolutely no indication from this record that Deputy Krieger was part of a Federal task force or anything of that nature. That is simply not what he was doing. What the government would ask the court to do is to simply add those facts to the case. They're just simply not present here. So I gather your position is that since this is a State officer trying to enforce a State law, the fact that the Federal violation is in the background is pretty much irrelevant. It is irrelevant, Your Honor, under these circumstances. There may be situations where it may be relevant, but this is not that case. This is a case we believe is very instructive and helpful in the money case, the $186,000 civil forfeiture case, where the government made many of the same similar arguments as to the lawfulness of that search, which was not supportive of our probable cause under State law. This court invalidated that search and found that those funds were unlawfully seized. Does the subjective intent of the officer play any role in our analysis on that issue? It does not, Your Honor, but we would point the court to the objective facts that were present here. There was no objective indication that he was enforcing Federal law, and the court should not rely upon Federal law to validate that search. Here, Your Honor, the rule that the defense is seeking is not an extraordinary one. It is a plain and simple one, that the smell alone of marijuana is insufficient. There must be more. This is not an extraordinary burden for a law enforcement officer to overcome. What we are saying is the subjective smell of marijuana, as the court noted, recited to the Massachusetts Supreme Court's cases. Really, can you be more specific about the rule of law that you're asking us to hold, which is the smell of marijuana alone in California, where the officers are prohibited from enforcing Federal law by statute, cannot serve as a basis as probable cause to search? Yes, Your Honor. Or because there's no basis for an arrest. That would be that the smell of unburnt marijuana, without more, is insufficient given the legalization of recreational marijuana for a state law enforcement officer enforcing state law to conduct a search under the automobile exception. That would be the limitations here. Certainly, there may be instances in which facts may arise that would give this officer some probable cause or reasonable cause to believe that this individual may possess an amount over 28 grams, but just the subjective smell alone does not indicate an unlawful amount of contraband. That's what, 28.5 grams or something like that? Precisely, Your Honor. You're saying you can't, just by the smell alone, you can't tell the quantity of marijuana involved? That, we contend, would be a remarkable feat. We know that the Overmyer case addressed that issue as well. There are standard questions that are typically asked of individuals to determine whether they are engaged in illegal conduct and perhaps the illegal trafficking of marijuana or any other controlled substance. Deputy Krieger here did not engage in any of that inquiry. He just smelled marijuana and just jumped to the conclusion that this vehicle contained contraband, and that was error, particularly given that Deputy Krieger is a law enforcement officer that should have been aware of the law at that time. Your Honor, I would like to discuss the search warrant, which was a separate error on the district court's part here. The search warrant violated the Fourth Amendment, and the court erred in denying Mr. Martinez's motion to suppress. At the outset, I would note that the government concedes that the search warrant affidavit never claimed that Mr. Martinez was, in fact, a gang member. On that basis alone, the search warrant failed to articulate probable cause, nor is it entitled to Leon Goodfaith analysis. I will address Leon later. First, the warrant on space lacked the probable cause because there was no fair probability that evidence of additional firearms would be found at that resident. If we look at the search warrant affidavit carefully — If we go with your first rule, we don't even get there, right? Precisely, Your Honor. If the gun is suppressed from the vehicle, it would be our contention that the search warrant would be the fruits of that search under Wong Sue, that then the search warrant should be invalidated. But separately and apart, the search warrant just cannot stand. We know from the Cheshire case. We know from the Underwood case, which we cite throughout our pleadings, as well as the Needham case and the Weber case. The entire search warrant is premised on a syllogism, the syllogism that gang members possess firearms in their home. Did the affidavit say something about the fact that the firearm found was a stolen firearm? The affidavit did include that information, Your Honor. We believe that that was not information that would be material or necessary to a finding of probable cause to believe that there would be additional firearms in Mr. Martinez's home. You're saying that they should have put in there that he was a gang member and by failing to do it, it's no good. Precisely, Your Honor. Without an absolute connection to Mr. Martinez being a member of a gang, that gang information was completely foundationless as to Mr. Martinez. And we also include that it was misleading because the gang heading had all this information about Nortenos and then suggested an affiliation. The district court noted that in its order, suggesting an affiliation. As we know in the Underwood case, the difference between, you know, a courier or a drug trafficker, that that was significant in this court in validating that search warrant because it wasn't particular as to put Mr. Underwood into that category of individuals who would likely have drugs at their residence. Here, Deputy Krieger basically said specifically, based on my knowledge, training, and experience, I know that gang members often possess weapons such as firearms. That is the only basis to believe firearms would be in that home. Also, the information included in the search warrant about the BPOD information should have been excluded under Williams. We believe that that information should have been purged from the search warrant because it was the subject of a custodial interrogation during Mr. Martinez's booking. As to the issue of Franks, the Court clearly erred in denying the Franks hearing. We believe that some of the issues that the Court found and made credibility determinations to credit Mr. Deputy Krieger's statements, particularly about the tattoo, would have been issues that we would have delved in into a Franks hearing. We did make a substantial preliminary showing, raising at minimum the inference of recklessness. In particular, the information about the allegation that Mr. Martinez had two anti-Serrano gang tattoos. He clearly did not. I see my time is out, and I would like to reserve these last 56 minutes for rebuttal. 56 seconds. All right. Thank you.  Thank you. Good morning, Your Honors. May it please the Court, my name is Briggs Matheson, and I represent the United States in this appeal. I'd like to start, if I may, with the vehicle search issue. The Fourth Amendment does not care whether it is a violation of Federal law or State law that supplies probable cause for a search of a vehicle. And here we have both. So this Court does not need to decide whether Federal law controls or State law controls in order to affirm the judgment of the District Court. Doesn't Gonzales v. City of Peoria defeat the concept that California officers are authorized to search for violations of Federal law? Your Honor, the Fourth Amendment also does not care about the identity of the officer involved in the search or the seizure. Now, if a California officer is involved in an arrest that violates State law, there may be collateral consequences for that type of violation. But that does not, in turn, mean that the Fourth Amendment has been violated. And that's the crux of the holding in Virginia. What's your best authority? What case would you cite that says that a State police officer has the authority to arrest or detain someone based upon a violation of Federal law? The case that was submitted in the government's 28-J letter just last week, Martinez-Medina, that case involved a detention of individuals on the basis of a violation of Federal immigration law. And Oregon law in that case affirmatively prohibited the State officer from effectuating that detention. Nonetheless, this Court had no trouble finding that that was not, in turn, a Fourth Amendment violation. And that's the core of the holding of the Supreme Court's decision in Virginia v. Moore. That case involved an arrest under Virginia law that was unlawful under State law. Virginia law affirmatively prohibited the officer from arresting the individual in that case for an infraction. And this goes to, Judge Smith, your question about what an officer may do when the State law only provides for an infraction penalty and not arrest. And the question before the Court in Virginia v. Moore was whether that violation of State law in the form of the arrest also violated the Fourth Amendment. And the Court rejected that idea and was skeptical of the idea that the Fourth Amendment incorporates State statutory law. And that the Fourth Amendment exists merely as a redundant guarantee on the protections afforded by State law. So the question of whether a search or seizure violates the Fourth Amendment is one of Federal law. And those aren't my words. That's this Court's articulation of the general rule in United States v. Becerra-Garcia. That's one of several cases that's cited at page 21 of the answering brief that articulates. I get your general point. But what I'm asking is, is there a case that says that if State law does not criminalize a particular action and Federal law does, that the officer can arrest someone based upon a violation of Federal law? That's specific facts. Do you have those? I think the closest case on point, Your Honor, is the Martinez-Medina case that I referenced. It didn't precisely answer that question. That's the problem. It didn't precisely answer that question. And it also — it cites Virginia v. Moore as the basis for its decision, but neither did Virginia v. Moore actually stand for that proposition. So it's taking each case a little farther than what it actually stands for. I think the decisions from the Supreme Court in — Do you have anything from other circuits on this? Your Honor, the general rule, I think, that applies. I'm not familiar with any case that specifically addresses the question of a — These points. — of the legal issue in this case in terms of the violation of State v. Federal law. Of course, as I mentioned at the outset, this Court does not need to decide whether Federal law or State law controls, because even under State law, there was probable cause to search Mr. Martinez's SUV. Okay. Under State law, what's your argument that there was probable cause? Well, I want to address in particular the characterization of this case as one involving the odor of marijuana alone, because that's not the case. Under California law, marijuana possession and use is not categorically legal. And there were three violations of California law that supplied probable cause to search the vehicle in this case. The open container of marijuana in the vehicle, the use of marijuana in operating a vehicle, and the possession of more than 28.5 grams of marijuana. But with respect, counsel, I think your opposing counsel made the point that an officer couldn't tell just by the smell of marijuana whether any of those things had been violated. How can someone tell if there are more than 28.5 grams of marijuana in a vehicle based upon the scent? That's only one of the three violations that issue here. How can you tell that there's an open container based on the scent? Not based on the scent alone, Your Honor, but because Mr. Martinez said so. And that's the sequence of events we have. There you're relying on the blunt, right? It's the blunt and the little sack of marijuana. So just to be clear about this. So how does that violate the open container law? Just to be clear about the sequence of events, Your Honor. You're not answering my question? So Deputy Krieger, upon making contact with Mr. Martinez, smelled the strong odor of marijuana, and less than a minute and 40 seconds after that, Mr. Martinez said, I have marijuana in the vehicle. He said, I have a little sack and a blunt in the vehicle. And Deputy Krieger was not obligated at that point to accept Mr. Martinez's representations as true as to the amount that he had, nor was he required to rule out the possibility of innocent conduct, the idea that the blunt or the little sack may have been in an open container. He was not required to make that assumption before conducting his investigation. And again, what Deputy Krieger encountered that day is first a vehicle with dark tinted windows, paper covering the license plate, the smell. That's another point. The paper covering the license plate, or paper license plate. Aren't all new cars these days having paper license plates? Deputy Krieger noted that that's one interpretation of paper covering a license plate, but that based on his training and his experience, also based on seeing the dark tinted windows, that can also be a sign of concealing a vehicle with expired registration or a stolen vehicle. And, of course, this did involve a vehicle with expired registration once he peeled off that paper covering the license plate. And so that was the factual context in which Deputy Krieger encountered the SUV and smelled the strong odor of marijuana upon making contact with Mr. Martinez. And, again, just seconds later, Mr. Martinez said, I have contraband in the car. And under those circumstances, Deputy Krieger was not obligated to rule out any possible innocent explanation. So I get the point about stopping the vehicle because of the license and so on. But once the car is stopped, and putting aside for a moment the consent issue, so far as I can tell from the record, he didn't say that the marijuana was then being smoked. He didn't say that he could smell marijuana on Mr. Martinez's breath. Just that there was a smell of marijuana. Based on that, you can't tell how much is in the car. You cannot tell whether there's an open container. He said he had a little blunt, which has been described, and I'm not sure whether you're disputing this, that it's tobacco smoke mixed with marijuana. It may or may not have been lit. We don't know how big it is, how little it is. And he said a little sack of marijuana. Well, that could be well under 28.5 grams. So what do we do with this? I mean, does the officer have the right to, because there's a possibility that there is a violation of California marijuana law, to go ahead and undertake the search? No, Your Honor. I think based on the constellation of facts that Deputy Krieger encountered, there was a fair probability of the existence of contraband in the vehicle since Mr. Martinez said so. Is that all that's required? That is all that is required for probable cause, Your Honor. There was probable cause to believe that there would be evidence of those violations of California state law or contraband in the vehicle. And the violation of the law was the failure to have it in a closed container? That was one of the violations that Deputy Krieger was investigating, and that's precisely what we would expect a reasonable officer to do under the circumstances when confronted with these facts to investigate that type of violation. For example, in the context of a vehicle stop involving the odor of alcohol, we would expect a reasonable officer to ask the question, have you been drinking, how much have you been drinking? All that Deputy Krieger did in this case was upon smelling the strong odor of marijuana, he asked Mr. Martinez how much marijuana is in the vehicle. And Mr. Martinez responded that he had a little sack of marijuana and a blunt in the vehicle. And, of course, Deputy Krieger was not required to hold him at his word about that. And given the context of the other violations involved, Deputy Krieger, I think, acted reasonably in performing that search. And that's the touchstone for this analysis, whether under federal law or state law, is whether the search was reasonable. And reasonableness looks to the balance of the degree of the intrusion on the individual's privacy weighed against the governmental interest involved. And it would be strange to say in a federal case when the question is the admissibility of evidence at a federal trial and when the objective facts point to a more than fair probability of a violation of valid federal law that federal law is not a legitimate interest to be weighed in that balancing analysis. And I think it's important in that regard to take note of the implications of Mr. Martinez's argument that the violation of the Fourth Amendment is tied exclusively to state law and changes to certain California laws regulating the use and possession of marijuana. Under that approach, federal law, as Mr. Fuller noted, would be completely irrelevant, even in a federal case, even when the question is the admissibility of evidence in a federal court, and even when the evidence was collected in compliance with federal law. None of that matters, according to Mr. Martinez. And that approach is wrong because binding precedent says so. Mr. Fuller mentioned the Cormier case. Well, in Cormier, this Court said that if evidence is collected in compliance with federal law, it is admissible in federal court without regard to state law. That was citing this Court's prior decision in the Chavez-Mernaza case, where this Court, again, unqualifiedly held that the question of whether evidence is admissible under the Fourth Amendment in a federal case is one governed by federal law. And so if federal law is at least a legitimate governmental interest to be factored into the equation, then the question is, well, does the change in the state law override federal law? And that cannot be the case as a basic matter of supremacy law. So you're saying any time a state officer stops a car and smells marijuana, since it's a federal offense, the driver can be arrested? Are you saying that? I think it's important to note this question, Your Honor, about the identity of the officer is one that this Court has firmly rejected. So in the Cormier case itself, the Court rejected the idea that a different rule should apply whether state and federal officers act jointly or if state actors are the ones who perform the search and federal investigators only get involved later after the evidence collection phase. Totally unrelated to what happened here. That principle you just said is totally unrelated. There were no federal officers involved. The only reason this is a federal case and we're here now is because he was subject to a gun conviction for a felon under possession under federal law. The whole marijuana as a basis for the initial probable cause for the initial search is an entirely separate question. I disagree, Your Honor, because the principle is that the Fourth Amendment's protections should not vary within a state at the same time just depending on whether the officer involved in the search is a state officer, is a cross-designated task force officer, if there's a federal officer sitting shotgun or in the car behind them. The protections of the Fourth Amendment do not vary. That's not the question because the factual question we have here is it's a state officer. And the question is whether there was reasonable cause to search the car. According to the district court, the strong smell or subjective smell of marijuana alone is sufficient cause to search the car under the automobile exception. And I think bringing in grand theories of federal law and identities, those issues aren't here. And that's why I'm struggling to say, okay, what was reasonable suspicion of what crime? And let's just look at that. Your Honor, I disagree that federal law is not relevant to this case, but I do want to address that point. Well, obviously we're discussing the Fourth Amendment, but as to the facts of this case. And in this area, you can tell by the way the case law is developing, we're not making leaps and bounds here. It's factual situation by factual situation. So I think you have to be very careful with what the facts are. Certainly, Your Honor. And the cases that are cited by Mr. Fuller, the Jones case, Maffei, Lee, none of those are binding on this Court. This Court, however, has issued several binding decisions that say that the odor of marijuana is sufficient to supply probable cause. And this Court would have to overrule those decisions on the basis of a change in state law defined otherwise. But, again, even under state law, there were multiple violations of California law that supplied probable cause to search the vehicle in this case. I think that's probably your best argument. I agree, Your Honor. Can I just ask you a hypothetical? Let's assume hypothetically that the state of California passes a law that absolutely forbids a California officer from arresting anyone, detaining anyone, based upon a violation of federal marijuana law. What would your answer be then? Let's say that had occurred in this case, hypothetically. Would we be even here? Two responses, if I may, to that, Your Honor. The first is that I do think that the Martinez-Medina case is relevant to that point of when state law affirmatively prohibits its officers from participating in any way in the enforcement of federal law. And this Court said that that was not a violation of the Fourth Amendment. There may be a violation of state law. And that gets me to the second point, which is the question implicates, I think, a broader question, which is whose job it is to police violations of state law under these circumstances. And it is not the job of the Fourth Amendment and it is not the job of federal courts reviewing suppression motions and deciding the question of whether evidence will be admissible in a federal case to address those violations. The suppression remedy itself is not applicable in every Fourth Amendment violation. It is certainly not a remedy to be applied for every time an officer transgresses a state statute that addresses the scope of when they may conduct an arrest or a search. I see that my time is up. If there are no further questions, thank you very much. Thank you very much, Counsel. All right, we'll give you a minute. Briefly, Your Honor, I think the issue about the open container is somewhat of a red herring. The open container, that was an issue that was raised about the defense. There was no indication from Deputy Krieger's report that he observed or believed that he — that Mr. Martinez was in possession of an open container. And also the State — What is the open — what's prohibited by the open container law? Your Honor, that is a question that is still, we believe, in flux. With the open container, we do not believe readily translates from an open container of alcohol to what is exactly an open container of marijuana. Here, the marijuana was sealed. It was wrapped in tobacco. We do not know if that is sufficient under California law to believe that someone has an open container if it is the equivalent of what would be a cigarette, where the only — The open container law, my understanding was that it always had to do with having alcohol in the car, like a wine bottle uncorked or something like that. Precisely, Your Honor. We do not believe that this was packaged in that same way, in that same way. I see my time is up. You can make your last few points. Thank you, Your Honor. The — there is a troubling precedent that the government would ask this Court to adopt if given California's legalization of this marijuana here. We know that under the automobile exception, the only thing that is waived under Ross is prior approval to seek a warrant from a magistrate. We know that Deputy Krieger could not have gone to the State of California, to a magistrate in California, to obtain a search warrant because of people believed. There just wasn't probable cause here to believe that Mr. Martinez had violated California law based on the smell alone. What that would do is return us, unfortunately, to the silver platter doctrine where perhaps a California law enforcement officer who obtained a — and conducted a search under the automobile exception in violation of California law could get around that unlawful search by simply having that case be adopted by Federal prosecutors who would then say, well, it doesn't matter. We are in Federal court. So, therefore, even though this officer didn't have probable cause to search the vehicle under the automobile exception under California law, and if this case were charged in California court, this search would be suppressed. We're in Federal court, so, therefore, it is lawful and we can admit there's evidence that was obtained during the course of that search. That would be a troubling precedent. With that, Your Honor, I would submit it. All right. Thank you very much, counsel. U.S. v. Martinez is submitted and we'll take up Porteous v. Capital One Services.
judges: Siler, Wardlaw, M. Smith